# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff/ Respondent, <br><br> v. <br><br> PHILLIP HOTCHKISS, <br><br> Defendant/ Petitioner. | CASE NO. 14cr198 WQH <br> CASE NO. 16cv1481 WQH <br><br> **ORDER** |

HAYES, Judge:

The matter before the Court is the motion pursuant to 28 U.S.C. § 2255 filed by Defendant/Petitioner Phillip Hotchkiss. (ECF No. 43).

## PROCEDURAL BACKGROUND

On April 8, 2014, Hotchkiss entered a plea of guilty to a one count Information charging him with felon in possession of firearm and ammunition in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). The Plea Agreement provided that the Government will recommend the base offense level of 20 pursuant to U.S.S.G. § 2K2.1(a)(4)(A). The Plea Agreement provided that Hotchkiss "waives, to the full extent of the law, any right to appeal or to collaterally attack his conviction, except a post-conviction collateral attack based on a claim of ineffective assistance of counsel, unless the Court imposes a custodial sentence above the high end of the guideline range . . . recommended by the Government pursuant to this agreement at the time of sentencing." (ECF No. 24 at 10).

The Presentence Investigation Report recommended a base offense level of 20

pursuant to U.S.S.G. §2K2.1(a)(4)(A)[1] on the grounds that a prior 2011 felony conviction sustained by Hotchkiss for resisting a peace officer causing injury in violation of California Penal Code ("CPC") § 148.10(a) was a "crime of violence" pursuant to U.S.S.G. § 4B1.2(a).[2]  (ECF No. 28 at 5). Hotchkiss filed an objection to the Presentence Report on the grounds that objection to the base offense level on the grounds that his prior 2011 conviction under CPC§ 148.10(a) did not constitute a "crime of violence" and the base offense level should be 14 pursuant to U.S.S.G. § 2K2.1(a)(5). (ECF No. 29).

On August 25, 2014, the Court held a sentencing hearing. The Court concluded that the conduct underlying the prior 2011 conviction under CPC § 148.10(a) "involved an offense which . . . by its nature presented a serious potential risk of physical injury to another" qualifying as a "crime of violence" pursuant to the residual clause in U.S.S.G. § 4B1.2(a)(2).  (ECF No. 43-2 at 5).  The Court applied a base offense level of 20 pursuant to U.S.S.G. §5K2.1(a)(4)(A). The resulting guideline range was 46 - 57 months.[3] The Court sentenced the Defendant to be imprisoned for a term of 46 months. (ECF No. 41).

On June 26, 2015, the United States Supreme Court determined that the section of the Armed Career Criminal Act ("ACCA") known as the "residual clause" was void

---

[1] U.S.S.G. § 2K2.1(a)(4)(A) provides for a Base Offense Level of 20 "if – the defendant committed any part of the instant offense subsequent to sustaining one felony conviction of . . . a crime of violence . . . ." Application Note 1 to U.S.S.G. §2K2.1 states "'crime of violence' has the meaning given that term in §4B1.2(a) and Application Note 1 of the Commentary to §4B1.2."

[2] U.S.S.G. §4B1.2(a) provides "[t]he term 'crime of violence' means any offense under federal or state law, punishable by imprisonment for a term exceeding one year, that – (1) has as an element the use, attempted use, or threatened use of physical force against the person of another, or (2) is burglary of a dwelling, arson, or extortion, involves use of explosives, or *otherwise involves conduct that presents a serious potential risk of physical injury to another.*" The wording italicized above refer to the "residual clause" of §4B1.2(a).

[3] The base level of 20 was reduced by three levels for acceptance of responsibility (U.S.S.G. § 3E1.1) and a one level downward departure for a total offense level of 16. The Criminal History Category of VI resulted in a guideline range of 46-57 months.

for vagueness in *Johnson v. United States*, 576 U.S. – , 135 S.Ct. 2551 (2015). The ACCA residual clause provided enhanced penalties for a defendant with a "violent felony," that is, a felony that "otherwise involves conduct that presents a serious potential risk of physical injury to another." 18 U.S.C. § 924(e)(2)(B)(ii). The Supreme Court stated,

> We are convinced that the indeterminacy of the wide-ranging inquiry required by the residual clause both denies fair notice to defendants and invites arbitrary enforcement by judges. Increasing a defendant's sentence under the clause denies due process of law.

135 S.Ct. at 2557. The Supreme Court subsequently determined that *Johnson* stated a "new substantive rule that has retroactive effect in cases on collateral review." *Welch v. United States*, – U.S. – , 136 S.Ct. 1257, 1268 (2016).

## CONTENTIONS OF THE PARTIES

Hotchkiss moves the Court to vacate his sentence pursuant to 28 U.S.C. § 2255 based upon the rulings of the United States Supreme Court in *Johnson* and *Welch*. Hotchkiss contends that *Johnson* makes it clear that the residual clause language in U.S.S.G. § 4B1.2(a)(2) cannot be used to enhance his sentence. Hotchkiss contends that the residual clause language in U.S.S.G. § 4B1.2(a)(2) is identical to the residual clause language found unconstitutionally vague in *Johnson*. Hotchkiss contends that CPC §148.10 does not qualify as a crime of violence under any constitutional application of U.S.S.G. § 4B1.2(a). Hotchkiss asserts that he is entitled to relief under § 2255(a) on the grounds that his sentence was imposed in violation of the Constitution and his petition was timely filed.

The Government contends that Hotchkiss waived his right to collaterally attack his sentence in his plea agreement. The Government "acknowledges *United States v. Torres*, C.A. 14-1021 (9th Cir. July 14, 2016), appears to foreclose the contention that an appellate waiver prohibits further challenges to the application of an unconstitutionally vague guideline provision." (ECF No. 48 at 6-7). The Government asserts that *"Torres* is a novel, and unprecedented reading of case law, is thinly

reasoned, and inconsistent with Ninth Circuit jurisprudence [and] raises the argument nonetheless, to preserve the issue for further review." *Id.* at 7. The Government further contends that Hotchkiss procedurally defaulted his challenge to the guideline calculation by failing to raise the issue on direct appeal.

In reply, Hotchkiss asserts that the Court of Appeals has rejected the government's waiver argument in *Torres*, and that his claim is not procedurally defaulted because *Johnson* explicitly overruled United States Supreme Court precedent and applies retroactively.

## APPLICABLE LAW

28 U.S.C. § 2255 provides that "[a] prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence." 28 U.S.C. § 2255. A petitioner seeking relief under § 2255 must file a motion within the one year statute of limitations set forth in § 2255(f). Section 2255(f)(3) provides that a motion is timely if it is filed within one year of "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." 28 U.S.C. § 2255(f)(3).

## RULING OF THE COURT

In this case, the base offense level was increased from a level 14 to a level 20 under U.S.S.G. §5K2.1(a)(4)(A). The Court concluded that the prior 2011 conviction under CPC § 148.10 was a crime of violence pursuant to the residual clause language in U.S.S.G. §4B1.2(a)(2) which is identical to the ACCA residual clause language found unconstitutionally vague in *Johnson*. *See United States v. Spencer*, 724 F.3d

1133, 1138 (9th Cir. 2013) (holding that the Ninth Circuit makes "no distinction between the terms 'violent felony' [as defined in the ACCA] and 'crime of violence' [as defined in U.S.S.G. §4B1.2(a)(2)] for the purposes of interpreting the residual clause[s]").

At the time of the sentencing hearing, the guideline range without the enhancement for a crime of violence under U.S.S.G. §5K2.1(a)(4)(A) would have been 27-33 months, rather than 46-57 months. The Government implicitly concedes in this case that *Johnson* retroactively affects the application of the residual clause in §4B1.2(a)(2), and the Government has explicitly conceded in other cases in this circuit that *Johnson* nullifies the identically worded residual clause in §4B1.2(a)(2). *See United States v. Torres*, 2016 WL 3770517, at *9 (9th Cir. July 14, 2016) ("the Government asserted . . . that it believes *Johnson* applies to the Sentencing Guidelines") and *United States v. Benavides*, 617 Fed. Appx 790 (2015) ("in light of the government's concession . . . that *Johnson* [], applies to the U.S. Sentencing Guidelines. . . ."). In light of the holding of the United States Supreme Court that "imposing an increased sentence under the residual clause of the ACCA violates the Constitution's guarantee of due process," 135 S.Ct. at 2563 and the Government's concessions in this case, this Court concludes that the Hotchkiss's sentence was increased pursuant to a provision in the guidelines that is unconstitutionally vague.[4]

**Waiver**

In *Torres*, the Court of Appeals concluded that the defendant's sentence pursuant to the unconstitutionally vague residual clause in § 4B1.2(a)(2) was "'illegal,' and

---

[4] In *Torres*, the Court of Appeals stated that "it is an open question whether § 4B1.2(a)(2)'s residual clause remains valid in light of *Johnson* . . ."2016 WL 3770517, at *9. The Court then accepted the Government's concession of this issue, vacated Torres's sentence, and remanded for re-sentencing. The application of *Johnson* to a collateral attack on the application of the guidelines is currently on appeal in the United States Supreme Court in *Beckles v. United* States, No. 15-8544 (cert. granted June 27, 2016). Any resolution in favor of Hotchkiss would not likely come in time to address the enhancement of his sentence.

therefore the waiver in his plea agreement does not bar this appeal." 2016 WL 3770517, at *9. *See United States v. Bibler*, 495 F.3d 621, 624 (9th Cir. 2007) (an "appeal waiver will not apply if . . . the sentence violates the law."). Because the Government concedes that Hotchkiss's prior conviction under CPC § 148.10 does not qualify as a crime of violence under any constitutional application of U.S.S.G. § 4B1.2(a), Hotchkiss did not waive his right to collaterally attack his sentence in his plea agreement.

**Procedural default**

"[A] showing that the factual or legal basis for a claim was not reasonably available to counsel . . . would constitute cause" excusing a procedural default. *Murray v. Carrier*, 477 U.S. 478, 488 (1986). In *Reed v. Ross*, the Supreme Court held that a claim would "almost certainly" not be "reasonably available to counsel" if it is based on a Supreme Court decision that "explicitly overrule[d] one of our precedents." 468 U.S. 1, 16,17 (1984). In this case, *Johnson* explicitly "overruled" the prior decisions of the United States Supreme Court finding the residual clause of the ACCA constitutional. 135 S.Ct. at 2563. In this case, the claim under § 2255 satisfies the standard to excuse a procedural default.

IT IS HEREBY ORDERED that the motion pursuant to 28 U.S.C. § 2255 filed by Defendant/Petitioner Phillip Hotchkiss (ECF No. 43) is granted. Judgment entered August 26, 2014 is vacated. The Government shall prepare the writ for Defendant's appearance for resentencing. The parties shall file any additional objections to the Presentence Report no later than October 14, 2016 and any additional sentencing materials no later than October 21, 2016. Sentencing is set for Thursday, October 27, 2016 at 9:00 a.m.

DATED: September 13, 2016

*William Q. Hayes*
**WILLIAM Q. HAYES**
United States District Judge